FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 AUG 22 PM 4 30
STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JAMES H. SWINGHOLM,

Plaintiff,

v.

PILOT TRAVEL CENTERS LLC, a limited liability company,

Defendant.

Case No. 1:13–CV–00159–ABJ

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a personal injury case arising from plaintiff's slip and fall in defendant's store. Defendant has moved for summary judgment arguing that plaintiff has failed to introduce admissible evidence of causation. Plaintiff argues that summary judgment should not be granted because there is a genuine issue of material fact as to causation, and he requests that the Court apply an adverse inference spoliation sanction to the evidence. For the following reasons, defendant's motion, ECF No. 29, is **GRANTED** and plaintiff's claims are **DISMISSED**.

## BACKGROUND

On the morning of May 11, 2011, Plaintiff James H. Swingholm ("Plaintiff") stopped at Defendant Pilot Travel Centers LLC ("Defendant")'s store in Cheyenne, Wyoming to purchase

1

fuel and some items from the store. It was snowing and raining as Plaintiff drove to the store. The roads were wet, but the snow was not sticking to the roads. After Plaintiff finished fueling his truck, he walked across the wet and slushy parking lot to the store's entrance. He did not notice any moisture or water inside the store as he entered, but he was not looking either. After he had walked a few feet into the store, his feet went out from under him, and he fell to the floor. He alleges that he sustained injuries to his left shoulder from the fall.

Plaintiff filed his Complaint on July 30, 2013, and he filed an Amended Complaint on August 19, 2013. [ECF Nos. 1, 4]. On June 20, 2014, Defendant filed its motion for summary judgment, Plaintiff responded, and Defendant filed a reply. [ECF Nos. 29, 33, 36]. The Court finds that this matter has been fully briefed and is ripe for disposition. It will first analyze the grounds for Defendant's motion, and then it will analyze Plaintiff's argument for an adverse inference spoliation sanction.

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013).

2

The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

## DISCUSSION

### I. Causation

Defendant moves for summary judgment arguing that Plaintiff has failed to introduce admissible evidence to establish causation for the accident. Plaintiff argues that there is a genuine issue of material facts as to whether the floor where Plaintiff slipped was wet and whether the wet floor caused his fall.

"The elements of a negligence claim are: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach of his duty was the proximate cause of the plaintiff's injuries; and (4) the plaintiff was injured." *Anderson v. Duncan*, 968 P.2d 440, 442 (Wyo. 1998). "A plaintiff has the burden of proving all four elements of his negligence claim." *Id.*

In the instant case, Defendant argues that Plaintiff has failed to establish causation. Legal causation is defined as conduct that "is a substantial factor in bringing about the plaintiff's injuries." *Id.*

> [I]f the conduct is that cause which in natural and continuous sequence, unbroken by a sufficient intervening cause produces the injury, without which the result would not have occurred, it must be identified as a substantial factor in bringing about the harm. If, however, it created only a condition or occasion for the harm to occur then it would be regarded as a remote, not a proximate, cause, and would not be a substantial factor in bringing about the harm.

*Buckley v. Bell*, 703 P.2d 1089, 1092 (Wyo. 1985) (internal quotations omitted).

"[N]egligence and causation are not presumed simply because an accident occurred." *Anderson*, 968 P.2d at 443. "In establishing that [the] defendant is liable for [] plaintiff's injuries, the plaintiff must show the reason why he slipped and fell." *Id.* A plaintiff cannot establish "[l]iability for [his] negligence claim . . . by conjecture, speculation, or guess." *Id.* With those principles in mind, it seems quite clear that Plaintiff's claim for negligence must fail.

The Plaintiff himself did not notice whether the floor was wet when he fell. [ECF No. 29-2 at 9 (Q. "did you notice any moisture or water on the tile itself? A. I didn't. I was not looking.")]. Instead, he assumes "[t]he floor was wet, apparently" because "[a] few feet inside the door, [his] feet went out from under" him and because when he "looked at the floor on [his] way out [of the store], it was wet." [*Id.* at 11, 12]. He later withdrew his assumption. [*Id.* at 12 ("Apparently [the floor] wasn't wet. I did not get my clothes wet.")].

An eyewitness to the Plaintiff's fall, Cindy Lou Wells, undercuts the Plaintiff's assumption regarding the wet floor. She could not really tell why Plaintiff fell. "He was just walking and he just fell. . . . [T]here wasn't anything wet for him to fall on. There [weren't] any spills that day or anything like that that that would have been in his way or impaired" him. [ECF No. 29-3 at 5]. She thought that Plaintiff must have "misstepped or something like that." [*Id.* at 6]. She further stated that "there wasn't anything that [the Plaintiff] slipped and fell in." [*Id.* at 7]. Another witness, Ricky Roberts, said, "I don't remember seeing any puddle or anything [where Plaintiff fell]. I honestly do not know why he fell." [ECF No. 331- at 17].

Plaintiff argues that the presence of wet floor signs and other surrounding circumstances allow the Court to make the inferential leap that Plaintiff slipped on a wet floor. However, as noted above, "[m]ere conjecture is never sufficient to establish liability on the part of a defendant for injuries claimed to have been received by a plaintiff as a result of defendant's negligence."

4

*LeGrande v. Misner*, 490 P.2d 1252, 1254 (Wyo. 1971). "It may be that there were patches of" water on Defendant's floor, but Plaintiff has failed to introduce any admissible evidence that he "slipped on such a patch of" water. *Id.* Because "there was no causal connection shown between the alleged slippery [floor] and the injury of the plaintiff, there can be no recovery." *Bluejacket v. Carney*, 550 P.2d 494, 498 (Wyo. 1976) (Rose, J., concurring).

## II. Spoliation

Plaintiff attempts to avoid the dismissal of his claims due to this failure of causal proof by claiming that Defendant should be subject to an adverse inference spoliation sanction. Plaintiff argues that the Court should allow him to defensively use an adverse inference to allow him to avoid his failure of causal proof. Specifically, he argues that Defendant did not preserve a video recording of the incident, and he argues that the video tape would have shown what caused the Plaintiff to fall. Defendant argues that the surveillance video was not preserved because there was no indication that litigation was imminent.

> Spoliation sanctions are proper when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir.2007). But if the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith. "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu*, 112 F.3d at 1407.

*Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009).

In the instant case, Plaintiff asserts that "it is arguable whether the Defendant's failure to preserve the video and photographic evidence of Plaintiff's fall was in bad faith or reckless, given Defendant's complete failure to adhere to its own policies regarding responding to accidents and evidence preservation." [ECF No. 33 at 10]. Defendant argues that "there was

5

no indication that litigation was imminent." [ECF No. 36 at 5]. Thus, it argues, it did not have a duty to preserve the video.

Perhaps the store should have assumed they would be sued, but even granting the Plaintiff the benefit of the doubt on that point, he has failed to introduce any evidence which would suggest that Defendant's failure to preserve the video was anything more than negligent. "When objects are discarded or destroyed in the ordinary course of business without the knowledge that a lawsuit has been or will be initiated, a spoliation instruction is not proper." *Jones on Evidence Civil and Criminal*, § 13:12 (1994 7th ed. and 2013 Supp., p. 58). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997). Thus, Plaintiff's request for an adverse inference spoliation sanction is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court concludes that there is no genuine issue of material fact because Plaintiff has failed to introduce admissible evidence of causation. His attempt to avoid this result by requesting an adverse inference spoliation sanction is unavailing because he has not proved that Defendant's failure preserve video evidence of the accident was done in bad faith. Defendant's motion for summary judgment, ECF No. 29, is, therefore, **GRANTED**, and Plaintiff's Amended Complaint is, hereby, **DISMISSED**. It is therefore **ORDERED** that summary judgment be entered in favor of Defendant on all of Plaintiff's claims.

Dated this 27 day of August, 2014.

Alan B. Johnson
United States District Judge